UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIAM R. WEINSTEIN, individually and on          :
behalf of the People of the United States of America,  :

              Plaintiff,                         :

           -against-                           :

DONALD J. TRUMP, in his official capacity as       :
President of the United States, and DONALD J.      :
TRUMP, JR., ERIC TRUMP, and ALLEN                  :
WEISSELBERG, as Trustees of a publicly described   :
but not publicly named Trust,                      :

             Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEC 21 2017

MEMORANDUM DECISION
AND ORDER

17 Civ. 1018 (GBD)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff William R. Weinstein brings this putative class action on behalf of himself

and the American people against Defendant Donald J. Trump, in his official capacity as President

of the United States, as well as Defendants Donald J. Trump, Jr., Eric Trump, and Allen

Weisselberg, as trustees of a publicly described but not publicly named trust (the "Trustee

Defendants") (collectively, "Defendants").   Prior to his presidential inauguration, Defendant

Trump pledged to undertake several actions designed to address alleged conflicts of interest,

including a promise to donate all profits from foreign governments' patronage of his hotels and

related business during his presidential term to the United States Treasury.   (Second Amended

Complaint ("SAC"), ECF No. 19, ¶¶ 9–14.)  Plaintiff claims that the President has failed to honor

his pledge to address a number of ethical concerns and potential constitutional violations stemming

from his vast business holdings.  (SAC at 1–3.)  The SAC asserts three causes of action, the

collective purpose of which, according to Plaintiff, is to ensure that the President honors his own

commitments.  (*Id.* ¶¶ 63–64.)

Defendants move to dismiss the SAC under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  (Mots. to Dismiss, ECF Nos. 22, 24.)

Defendants' motions to dismiss are GRANTED.

## I.    BACKGROUND

Plaintiff, who resides in New York, is a United States citizen and an attorney.  On January 20, 2017, Defendant Trump, the principal target of this litigation, was inaugurated as the forty-fifth President of the United States.  (SAC ¶¶ 1–2.)

Shortly before his inauguration, and in an apparent reaction to public criticism regarding perceived ethical and legal concerns stemming from his extensive business holdings, then-President-elect Donald Trump, by and through his attorneys, announced at a January 11, 2017 press conference that he would be taking steps to eliminate and avoid the alleged personal conflicts and constitutional violations.[1]  (*Id.* ¶¶ 9, 14.)  In particular, Defendant Trump announced that he would transfer all of his investments and business assets into a trust so that the Trustee Defendants, rather than him personally, would have full decision-making authority over the management of The Trump Organization and its assets for the duration of his presidency.  (*Id.* ¶ 11.)

In connection with the public announcement, Defendant Trump's attorneys issued a White Paper entitled "Conflicts of Interest and the President."  (*Id.* ¶ 10; *see also* SAC, Ex. 1 ("White Paper").)  The White Paper explains that all of Defendant Trump's investments and business assets "have been or will be" conveyed to a trust, which will be managed for the duration of his presidency exclusively by Defendant Trump's sons—Defendants Donald Trump, Jr., and Eric

---

[1] On January 23, 2017, an action was filed in this Court challenging the President's business holdings under the United States Constitution's Foreign and Domestic Emoluments Clauses.  (*See Citizens for Responsibility and Ethics in Washington v. Donald J. Trump*, ECF No. 17-CV-458.)

Trump—as well as a third Trump Organization executive, Defendant Allen Weisselberg. (White Paper at 2.) Under the terms of an unspecified trust agreement, a fourth person, who will be appointed as an "Ethics Advisor," must also approve any actions, deals, or transactions that could potentially implicate ethics or conflict-of-interest concerns. (*Id.*) In addition, the White Paper explains that, although not required to do so by the Constitution, Defendant Trump "will donate all profits from foreign governments' patronage of his hotels and similar business during his presidential term to the U.S. Treasury." (*Id.* at 6.)

Plaintiff alleges that Defendant Trump has not complied with all the policies outlined in the White Paper. (SAC ¶ 19.) For instance, he asserts that public records indicate that a number of the President's condominium units and related property interests, including his ownership interest in the Trump International Hotel in Washington, D.C., have been transferred to a pre-existing trust that was created in April 2014, and whose trustees include only Defendants Donald Trump, Jr., and Allen Weisselberg. (*Id.* ¶¶ 19–21.) According to Plaintiff, although a Certification of Trustee was revised on or about February 10, 2017, that document identifies only Defendants Donald Trump, Jr., and Allen Weisselberg as trustees and identifies Defendant Eric Trump as chairman of the trust's advisory board—a position that is not referenced in the White Paper. (*Id.* ¶ 22.) Plaintiff also alleges that in early February 2017, a lawyer for The Trump Organization refused to confirm that all of the President's investment and business assets had been transferred to the trust. (*Id.* ¶ 20.) Plaintiff claims that neither the identity of the trust described in the White Paper, if one in fact exists, nor its specific assets have been made clear to the public. (*Id.* ¶¶ 23, 29.) Moreover, Plaintiff asserts that the White Paper does not contain any details regarding the procedures to be employed by the trustees to account for profits derived from foreign governments'

3

patronage of the President's business or for their transfer to the United States Treasury.[2]  (*Id.* ¶ 30.)

The stated purpose of Plaintiff's class action lawsuit is to "provide a mechanism and appropriate procedures to ensure, on behalf of the [American] People" that Defendant Trump's promise to transfer all profits derived from foreign governments' patronage of his businesses to the United States Treasury is kept.  (*Id.* ¶ 63.)  To achieve this goal, Plaintiff seeks an order: (i) imposing an equitable constructive trust for the benefit of the American people on all profits derived from foreign governments' patronage of Defendant Trump's hotel and related businesses; (ii) directing an equitable accounting of these profits and appointing a master under Rule 53 of the Federal Rules of Civil Procedure to perform the accounting of profits for payment to the United States Treasury; and (iii) directing the payment by the Trustee Defendants of the designated profits to the United States Treasury in accordance with the Miscellaneous Receipts Act, 31 U.S.C. § 3302.  (SAC ¶ 64.)  Plaintiff seeks relief on the basis that he and the American people are intended third-party beneficiaries of the President's trust with an enforceable property interest in the trust's profits.  (*Id.* ¶ 73.)

Defendants move to dismiss the SAC on two alternative grounds.  First, Defendants claim that because Plaintiff has failed to allege an injury in fact that is both concrete and particularized, he lacks legal standing sufficient to invoke this Court's Article III jurisdiction.  Rather, Defendants

---

[2] In response to an April 21, 2017 request from the chairman and ranking member of the U.S. House of Representatives Committee on Oversight and Government Reform, George Sorial, the chief compliance officer of The Trump Organization, issued a written policy entitled the "Donation of Profits from Foreign Government Patronage Policy," portions of which are reproduced at length in the SAC.  (*See* SAC ¶¶ 33–39.)  Plaintiff, however, finds the policy deficient in a number of respects.  For example, he takes issue with the exemption of certain properties from the policy, including commercial properties from which rent profits are received from foreign nations and their instrumentalities, and how profits covered under the policy will be identified and calculated.  (*Id.* ¶¶ 40–45.)  Plaintiff also asserts that the policy fails to comply with the Miscellaneous Receipts Act, 31 U.S.C. § 3302, which plaintiff claims governs the deposit of government monies with the United States Treasury.  (*Id.* ¶¶ 57–62.)

argue, the SAC presents at most a generalized grievance, alleging no greater harm to Plaintiff than that which is suffered by the public at large. Second, Defendants argue that the SAC should be dismissed because it fails to state a claim entitling him to the relief he seeks. (*See generally* Trump Mem. in Supp. of Mot. to Dismiss, ECF No. 23; Trustee Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 25.)

## II.     LEGAL STANDARDS

### A.     12(b)(1) Motion To Dismiss For Lack Of Jurisdiction

The party invoking the benefit of federal jurisdiction bears the burden of affirmatively establishing that jurisdiction exists. *Sharkey v. Quarantillo*, 541 F.3d 75, 82–83 (2d Cir. 2008) (citation omitted); *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (quotation marks omitted)). In deciding a motion to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, courts "must accept as true all material factual allegations in the complaint, but should refrain from drawing any inferences in favor of the party asserting jurisdiction." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (S.D.N.Y. 2000) (citing *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). Courts are also "permitted to rely on non-conclusory, non-hearsay statements outside the pleadings." *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

Central to the question of whether this Court has subject-matter jurisdiction over this case is whether Plaintiff has legal standing to sue. *See Cortlandt St. Recovery Corp. v. Hellas Telecomms. I, S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015). The burden of establishing standing rests squarely on Plaintiff. *Id.* at 417 (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). To establish standing under Article III, Plaintiff must show that (1) he

5

has suffered an actual or imminent injury in fact, which is concrete and particularized; (2) there is a causal connection between the injury and the defendant's actions; and (3) it is likely that a favorable decision in the case will redress the injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury is not particularized unless it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1. Thus, standing has been rejected where an alleged injury is more accurately characterized as a grievance that the plaintiff "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (citation and quotation marks omitted).

## B.    12(b)(6) Motion To Dismiss For Failure To Assert A Cause Of Action

In deciding a motion brought under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true . . . and draw[s] all reasonable inferences" in favor of the plaintiff.[3] *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding a Rule 12(b)(6) motion is not limited to the face of the complaint. Rather, a court "may [also] consider any written

---

[3] While pleadings of *pro se* litigants are ordinarily construed liberally "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted), since Plaintiff is an attorney, he "cannot claim the special consideration which the courts customarily grant to pro se parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (citation omitted).

instrument attached to the complaint [or] statements or documents incorporated into the complaint

by reference." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## III.   PLAINTIFF LACKS STANDING

Because Plaintiff has failed to allege a particularized injury that affects him in a "personal

and individual way," he lacks standing, and this case must be dismissed. *Spokeo, Inc. v. Robins*,

136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560) (quotation marks omitted). Plaintiff

claims that he and the American people are the intended third-party beneficiaries of Defendant

Trump's promise to donate all profits from foreign governments' patronage of his hotel and related

businesses during the course of his presidency. (Pl.'s Opp'n to Mot. to Dismiss ("Opp'n"), ECF

No. 29, at 8; SAC ¶¶ 72–73.) Plaintiff further claims that Defendant Trump's failure to honor that

promise infringes on his and the American people's "protectable property interest" in those profits.

(*Id.*)

Even if Plaintiff were correct about his status as a third-party beneficiary of Defendant

Trump's promise, Plaintiff's claimed injury is still insufficient to confer standing because he has

alleged nothing more than a generalized grievance that he shares with the public. *See Ex parte*

*Levitt*, 302 U.S. 633, 633 (1937) (no standing where plaintiff alleged "merely a general interest

common to all members of the public"). In fact, Plaintiff concedes this very point throughout the

SAC. For example, Plaintiff alleges that Defendant Trump's actions have harmed *all* American

citizen because every American, not just Plaintiff, has "an enforceable property interest in [the]

profits [of the trust]." (SAC ¶ 73.) Plaintiff also asserts that his suit is being brought on behalf of

the "more than 300 million" American people. (*Id.* ¶ 4.) Elsewhere, Plaintiff claims that the stated

goal of his lawsuit is to seek relief "on behalf of the [American] People" and that the granting of

the relief sought therein "[will] provide relief to each and all of the [American] People." (*Id.* ¶¶ 63, 70.)

Since Plaintiff only alleges "generalized grievances, seeking relief that no more benefits [him] than it does the public at large," Plaintiff has failed to allege that he has suffered a particularized injury. *Spokeo*, 136 S. Ct. at 1555. As a result, Plaintiff's claims must be dismissed for lack of standing.[4]

## IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff's claims are subject to dismissal for an additional reason: the SAC is completely devoid of any legal or equitable cause of action entitling him to the relief he seeks. The gravamen of Plaintiff's complaint is that Defendant Trump made a promise that he has failed to keep and for which he, and his associates, should now be held legally accountable. Yet, the greatest obstacle to Plaintiff's claim is his failure to identify what law, if any, Defendants have violated because Defendant Trump failed to honor his promise. Our judicial system does not recognize or provide redress for just any grievance. Rather, a plaintiff must identify the specific legal basis pursuant to which he is entitled to a remedy.[5]

Plaintiff neither articulates how Defendant Trump's promise is legally enforceable, nor does he explain how, if at all, Defendant's failure to honor such a promise gives rise to a cause of

_____

[4] Plaintiff also argues that the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), grants this Court jurisdiction, regardless of whether Plaintiff has standing. (*See* Opp'n at 10–12.) CAFA, however, neither remedies a plaintiff's lack of standing nor provides an independent basis for standing. *See In re Am. Int'l Grp., Inc. Secs. Litig.*, 916 F. Supp. 2d 454, 462 (S.D.N.Y. 2013) ("That CAFA does not affect standing is clear from the plain text, which states that '[n]othing in this section shall be construed to expand the authority of, or impose any obligations, duties, or responsibilities upon, Federal or State officials.'") (quoting 28 U.S.C. § 1715(f)).

[5] We would likely be living in a different world if elected officials were legally bound to carry out the political promises they made prior to taking office. In our democracy, once a candidate is elected to office, it is for the politicians and the people they represent—not the courts—to decide which campaign promises will be fulfilled and which will become abandoned rhetoric.

action.  There are two primary ways in which a promise can be legally enforceable:  (1) the promise

constitutes a binding contract, or (2) the promise is not a contract but should nevertheless be

enforced as a matter of equity.  Here, the President-elect's promise falls into neither category.

Plaintiff specifically disavows that his suit is one for breach of contract.  (*See* Opp'n at 5

("It is well-established that this is a claim in equity, not for breach of contract.").)  Likewise,

Plaintiff does not adequately articulate why Defendant Trump's promise should be enforced under

principles of equity.   The doctrine of promissory estoppel allows a promise to be legally

enforceable notwithstanding the absence of formal requirements of contract formation, such as

consideration.  *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 824 (2d Cir. 1994).  To

prevail on a claim for promissory estoppel, the plaintiff must show: "(1) a clear and unambiguous

promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party

as a result of the reliance."  *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).  In general, "an

oral promise will not be enforced on [promissory estoppel] ground[s] unless it would be

unconscionable to deny it."  *Steele v. Delverde S.R.L.*, 242 A.D.2d 414, 415 (N.Y. App. Div. 1st

Dep't 1997).  None of these elements have been met here.  Although Plaintiff points to a statement

that he construes as a promise, he has not alleged that he, or anyone else for that matter, reasonably

relied on the promise, nor has he alleged any injury as a result of that reliance.  Without these

allegations, Plaintiff cannot state a claim for promissory estoppel.

Plaintiff also does not allege that Defendant Trump violated any particular law or rule by

refusing to uphold his promise.  While the SAC cites the Foreign Emoluments Clause and the

Miscellaneous Receipts Act, Plaintiff concedes that the SAC does not assert any claims under

those provisions.  (Opp'n at 13.)  Plaintiff's claims are not premised on any alleged constitutional

or statutory violation.

Instead of asserting a legal cause of action, Plaintiff outlines three principal forms of relief

that he seeks from this Court. (*See* SAC ¶¶ 76, 80–81, 84.) It is well established, however, that a

legal remedy can be awarded only where there has been a legal claim asserted entitling the plaintiff

to the relief sought. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . .

. ."). As such, a request for legal relief, alone, without any corresponding legal basis upon which

such relief can be granted, cannot withstand a motion to dismiss. *See Miller v. Wells Fargo Bank,*

*N.A.*, No. 13 Civ. 1541 (VB), 2014 WL 349723, at *11 (S.D.N.Y. Jan. 30, 2014) (granting motion

to dismiss because plaintiff's "cause of action" for declaratory and injunctive relief constituted

remedies, not causes of action) (citation and quotation marks omitted); *see also Stone v. Williams,*

970 F.2d 1043, 1051 (2d Cir. 1992) ("A constructive trust is a *remedial* device imposed in favor

of one entitled to property that is wrongfully withheld or where to allow the present holder to retain

the property would result in unjust enrichment.") (emphasis added); *In re Adelphia Commc'ns*

*Corp.*, 331 B.R. 93, 100 (S.D.N.Y. 2005) (noting that a court-ordered accounting and imposition

of a constructive trust "are remedies and not claims"). Here, because Plaintiff only alleges legal

remedies without any accompanying allegations regarding a legal violation committed by

Defendants, Plaintiff's complaint must be dismissed.

Even if Plaintiff had alleged a legal basis upon which relief could be granted, Plaintiff still

would not be entitled to the relief that he seeks. For example, Plaintiff claims that he and the

American people are entitled to a constructive trust in which all profits from foreign governments'

patronage of Defendant Trump's hotels and related business during his presidential term should

be deposited, so that these profits can then be donated to the U.S. Treasury once Defendant Trump

leaves office. (SAC ¶ 76.) Yet, a constructive trust can only be imposed where there exists: "(1)

10

a confidential or fiduciary relationship; (2) a promise; (3) a transfer in reliance upon the promise; (4) and unjust enrichment." *United States v. Coluccio*, 51 F.3d 337, 340 (2d Cir. 1995). Aside from Defendant Trump's promise, Plaintiff does not allege facts relating to any of the foregoing elements. Likewise, Plaintiff demands an equitable accounting of all such profits received by Defendant Trump. Yet, "[t]o obtain an accounting under New York law, a plaintiff must show (1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Soley v. Wasserman*, No. 08 Civ. 9262 (KMW), 2013 WL 6388401, at *4 (S.D.N.Y. Dec. 6, 2013). Plaintiff, once again, does not sufficiently allege any of the foregoing elements.

Since Plaintiff fails to assert any legal cause of action entitling him to the relief he seeks, Plaintiff's SAC must be dismissed.

## V. CONCLUSION

Defendants' motions to dismiss Plaintiff's SAC are GRANTED.

Dated: New York, New York
       December 21, 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge